Good morning again. You may proceed. Thank you. May it please the court. Brian Spears of Spears Manning and Martini on behalf of Laura Perryman. There are a lot of issues in this case. I'm going to, and we've referenced many of them in our brief, I'm going to focus on two, time permitting. I'm going to start with the sentencing issue. And the intended loss enhancement that the district court applied here. So just by way of background, there was no actual loss in this case. There was no restitution order to be paid. And yet, my client was subject to an 18 level guidelines enhancement for intended loss that resulted in a six year sentence. In this appeal, we're going to be challenging the intended loss figure on multiple levels. Foremost is the unresolved and substantial question of whether the Supreme Court's decision in Stinson, which requires deference to guidelines commentary, remains good law after the Supreme Court's very recent decision in Loper. But hasn't, I mean, hasn't this circuit already addressed that question in Rainford? It hasn't addressed it squarely, if your honor please. So Rainford, which was filed a week after we filed our motion for bond pending appeal, includes some back and forth between the majority and the dissent in regards to the question of whether the guidelines commentary deserves any deference. As Judge Miriam noted, the issue wasn't presented by the parties. It didn't affect the outcome of the case. And so for that reason, she didn't want to join in the notion that Stinson remained a valid authority. Notably, in Rainford, there's no reference to Loper. Loper, I would imagine, was decided after the matter, the case was fully briefed. And so this was somewhat of a side discussion between members of this court and footnotes. This case, unlike Rainford, presents the issue very squarely. It's a very critical issue for federal criminal practitioners. The effect of Loper and how it might impact the guidelines presents an opportunity for this court to really be out in front of what is an issue that's already generating a lot of conversation among federal criminal practitioners. We submit it's fairly debatable. It's a substantial question. But wait, so you're saying that Rainford is dicta or you're saying something different? Our position is that it is dicta. I mean, it seems fairly emphatic. And so why do you think it's dicta? Because the issue hadn't been presented. There are three different defendants. Some of the analysis was under the plain error standard. And as Judge Miriam pointed out, it didn't ultimately impact the outcome. And the case ultimately was remanded for further proceedings related to the loss calculation. And the question of how Loper impacts stints and deference was not addressed, wasn't discussed by the court at all. Well, Rainford basically says, I think, that this is not a Loper kind of situation. It doesn't reference it by name, but it's basically saying that the commentary and the guidelines themselves are sort of the same thing, that the commission writes both of them. It's not like a statute that is passed by Congress and then regs that are promulgated by an agency that interprets a statute. This is just the guidelines that are put out, both the guidelines and the commentary by the same commission. They do talk about the commentary and the guidelines being read as a whole. I didn't read the footnote to say that they were essentially part of the same and that the guidelines themselves were one and the same with the commentary. I didn't, respectfully, I didn't read the footnote as saying that. There's not a lot of discussion about it. But I think it's clear that the parties did not tee up the issue directly, which is why this case presents an opportunity to substantial question to address this question, which will have, I think, a very significant impact on federal sentencing, potentially. Just quickly, I see my time is running out here. So I did want to just discuss very quickly the status of Ms. Perryman's surrender date. We had asked for a 30-day continuance. She is currently out on bond but is due to surrender on September 6th. We had asked for a longer period than that. The district court granted an 11-day extension instead to this Friday. We do intend to request another extension of the surrender date. We'll do that in very short order. But I just wanted the court to be aware I'm not trying to put pressure on anyone. In fact, we'd like to relieve pressure on having a rushed decision here, which is why our intention is to file another motion for continuance, which hopefully the government wouldn't oppose. Thank you, Mr. Spears. Thank you. I now hear from Ms. Fulch. Good morning. May it please the court. My name is Monica Fulch, and I represent the United States in connection with this appeal, and I represented the United States in the proceedings below. No claim advanced by the defendant presents a substantial question here, and I'd like to focus on the intended loss issue that was raised by the defense. And I will note that as of August 28, 2024, this court decided United States v. Zhang. That's at 2024 WL3957619. It's a published opinion, but it has not yet. We don't have the Federal Register number. But there, this court noted that the court recently rejected the proposition that intended loss is not something that can be considered, and it reiterated that intended loss is something that the district court can consider, that the district court is entitled to defer to the notes in considering that, as contemplated by the guidelines. So the question of whether Rainford is good law or its decision on intended law is dicta is not in question at all. Zhang has reiterated the fact that this court has decided that intended loss is something that can be considered and that deference to the notes in the guidelines as to what the definition of loss is, is appropriate. If there are any other questions that the panel would like me to address, I'm happy to do so. Thank you both. We will reserve the session.